CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 2 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CARRIE ELIZABETH PUGH WOOD,<br><br>*Plaintiff,*<br><br>v.<br><br>MOREQUITY, INC.,<br><br>*Defendant.* | CIVIL NO. 3:07CV00064<br><br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Carrie Elizabeth Pugh Wood's Motion Pursuant to Rule 59 to Set Aside Summary Judgment (docket #25). Ms. Wood asks that I reconsider the July 10, 2008 summary judgment in favor of Defendant MorEquity, Inc. The background of this case is set forth in my July 10th Memorandum Opinion and need not be repeated here. I dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The majority of Ms. Wood's arguments in her Rule 59 motion simply restate the arguments the she made on summary judgment or otherwise address issues that I have previously considered. Accordingly, they do not provide valid basis for altering or amending the judgment. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Ms. Wood's remaining argument is that she should have been given the opportunity to present additional evidence of the value of the Property at trial. (*See* Pl.'s Br. Supp. 3; Reply Br. 3.) However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Thus, a party opposing summary judgment cannot rely on its claims of what the evidence might show at trial. At the summary judgment stage, the question is not, "What might the evidence be at trial?" but rather, "What is the evidence before the Court now?" *See, e.g., Madeirense do Brasil S/A v. Stulman-Emrick Lumber Co.*, 147 F.2d 399, 405 (2d Cir. 1945) ("[T]he ruling is to be made on the record the parties have actually presented, not on one potentially possible."); 10B Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 2739 (3d ed. 2004) ("[C]ases long before, as well as after, the addition of [Rule 56(e)(2)], have held that the party opposing the summary-judgment motion does not have the right to withhold evidence until trial; nor can the opposing party demand a trial because of the speculative possibility that a material issue of fact may appear at that time.")

While Ms. Wood's loss of her home is certainly unfortunate, I find that the law is clear in this matter and that it does not afford her the relief she seeks. Accordingly, her Motion Pursuant to Rule 59 to Set Aside Summary Judgment must be, and hereby is, DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 22nd day of August, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 2 -

Case 3:07-cv-00064-NKM-BWC   Document 28   Filed 08/22/08   Page 2 of 2   Pageid#: 281